1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DARREN HENDERSON,                        No.  2:22-cv-1218 AC P

12              Plaintiff,

13        v.                                  ORDER

14   RATTAN, et al.,

15              Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18   has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19        I.        Application to Proceed In Forma Pauperis

20        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

21   § 1915(a).  ECF Nos. 2, 5.  Accordingly, the request to proceed in forma pauperis will be granted.

22        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23   §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

28   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

1  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2  § 1915(b)(2).

3      II.      Statutory Screening of Prisoner Complaints

4          The court is required to screen complaints brought by prisoners seeking relief against "a

5  governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

6  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

7  "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

8  monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

9          A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11  Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

12  theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

13  640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

14  stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

15  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

16  Franklin, 745 F.2d at 1227-28 (citations omitted).

17          "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

18  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

19  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

20  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

21  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

22  of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,

23  680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

24  to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

25  cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

26  speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain

27  something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

28  cognizable right of action."  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

1  R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

2          "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

3  relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

4  Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

5  content that allows the court to draw the reasonable inference that the defendant is liable for the

6  misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this

7  standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

8  Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

9  pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

10  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

11      III.    Complaint

12          The complaint alleges that defendants Rattan, Lynch, Bobbala, and Gates violated

13  plaintiff's rights under the Eighth Amendment.  ECF No. 1.

14          In Claim One, plaintiff alleges that he is diabetic and requires an order for a diabetic snack

15  so that he can receive an additional snack in addition to the standard three meals a day.  Id. at 3.

16  The purpose of the snack is to prevent episodes of hypoglycemia, which cause plaintiff

17  "temporary loss of and blurry vision, dizziness, and migraine headaches that last hours."  Id.  In

18  May 2021, plaintiff told Rattan that he needed a diabetic snack, but Rattan denied the request and

19  continued to deny the request over the following six months.  Id.  Plaintiff filed a grievance

20  "requesting that his serious medical needs be treated" but "defendants" denied the requests.  Id.

21  He asserts that a grievance "puts all supervisors on notice."  Id.

22          Claim Two alleges that plaintiff requires orthotic shoes due to the peripheral neuropathy

23  in his legs and feet caused by his diabetes and a skeletal injury in his left foot caused by a gunshot

24  wound.  Id. at 4.  After plaintiff's original orthotics wore out and no longer relieved his foot pain,

25  he made multiple requests to Rattan for replacements.  Id.  Rattan denied the request, told plaintiff

26  that his orthotic shoe chrono had expired, and refused to renew the chrono.  Id.  Plaintiff filed a

27  grievance and "defendants" responded that he was already being accommodated with therapeutic

28  shoes/orthotics.  Id.

3

1    IV.    Claims for Which a Response Will Be Required

2            Plaintiff's allegations that Rattan refused to prescribe him a diabetic snack or renew his

3    chrono for orthotic shoes are sufficient to state claims deliberate indifference.  See Jett v. Penner,

4    439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted) (deliberate indifference shown by a

5    purposeful act or failure to respond to plaintiff's pain or medical need and harm cause by

6    indifference).  If plaintiff choses to proceed on the original complaint, Rattan will be required to

7    respond.

8    V.    Failure to State a Claim

9            "Liability under § 1983 must be based on the personal involvement of the defendant,"

10   Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d

11   164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil

12   rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)

13   (citations omitted).  Plaintiff does not make any allegations against defendants Lynch, Bobbala,

14   and Gates.  Assuming that plaintiff's was referring to these defendants when alleging that

15   "defendants" denied his grievances, he still fails to state a claim.  Although plaintiff alleges that

16   he notified defendants of his "serious medical needs," there are insufficient facts to demonstrate

17   that the appeals were sufficient to notify any defendant of an ongoing a violation of plaintiff's

18   rights that they then failed to correct.

19   VI.    Leave to Amend

20           For the reasons set forth above, the court finds that the complaint does not state

21   cognizable claims against defendants Lynch, Bobbala, and Gates.  However, it appears that

22   plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend

23   the complaint if he desires.

24           Plaintiff may proceed forthwith to serve defendant Rattan on his deliberate indifference

25   claims or he may delay serving any defendant and amend the complaint.

26           Plaintiff will be required to complete and return the attached notice advising the court how

27   he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to

28   file an amended complaint.  If plaintiff elects to proceed on his claims against defendant Rattan

4

1   without amending the complaint, the court will proceed to serve the complaint.  A decision to go

2   forward without amending the complaint will be considered a voluntarily dismissal without

3   prejudice of all claims against defendants Lynch, Bobbala, and Gates.

4          If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions

5   about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode,

6   423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named

7   defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).

8   There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

9   connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,

10  588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

11  participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266,

12  268 (9th Cir. 1982) (citations omitted).

13         Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

14  his amended complaint complete.  Local Rule 220 requires that an amended complaint be

15  complete in itself without reference to any prior pleading.  This is because, as a general rule, an

16  amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

17  1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

18  Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

19  in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint,

20  the original complaint no longer serves any function in the case.  Therefore, in an amended

21  complaint, as in an original complaint, each claim and the involvement of each defendant must be

22  sufficiently alleged.

23         VII.    Plain Language Summary of this Order for a Pro Se Litigant

24         Your request to proceed in forma pauperis is granted.  That means you do not have to pay

25  the entire filing fee now.  You will pay it over time, out of your trust account.

26         Some of the allegations in the complaint state claims against the defendants and some do

27  not.  You have stated claims for relief against defendant Rattan.  You have not stated claims

28  against defendants Lynch, Bobbala, and Gates because you have not explained what each

individual defendant did or did not do that you believe violated your rights.  Saying that they denied your grievance is not enough to state a claim.  You allege facts showing that the grievance had enough information for each defendant to be aware of an ongoing constitutional violation that they then failed to stop.

You have a choice to make.  You may either (1) proceed immediately on your claims against defendant Rattan and voluntarily dismiss the other claims or (2) try to amend the complaint.  If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice all of your claims against defendants Lynch, Bobbala, and Gates.  If you choose to file a first amended complaint, it must include all claims you want to bring.  Once an amended complaint is filed, the court will not look at any information in the original complaint.  **Any claims and information not in the first amended complaint will not be considered.**  You must complete the attached notification showing what you want to do and return it to the court.  Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3.  Plaintiff's allegations against defendants Lynch, Bobbala, and Gates do not state claims for which relief can be granted.

4.  Plaintiff has the option to proceed immediately on his claims against defendant Rattan, as set forth in Section IV above, or to amend the complaint.

5.  Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint.  If plaintiff does not return the form, the court ////

6

will assume that he is choosing to proceed on the complaint as screened and will recommend

dismissal without prejudice of the claims against defendants Lynch, Bobbala, and Gates.

DATED: November 30, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DARREN HENDERSON,                         No.  2:22-cv-1218 AC P

12                    Plaintiff,

13           v.                                  PLAINTIFF'S NOTICE ON HOW TO
                                                 PROCEED
14    RATTAN, et al.,

15                    Defendants.

16

17          Check one:

18    _____  Plaintiff wants to proceed immediately on his claims against defendant Rattan without

19           amending the complaint.  Plaintiff understands that by going forward without amending

20           the complaint he is voluntarily dismissing without prejudice all of his claims against

21           defendants Lynch, Bobbala, and Gates pursuant to Federal Rule of Civil Procedure 41(a).

22

23    _____  Plaintiff wants to amend the complaint.

24

25    DATED:_____          _____

26                                             Darren Henderson
                                               Plaintiff pro se
27

28

                                              1