UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN HENDERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RATTAN, et al.,<br><br>　　　　Defendants. | No. 2:22-cv-1218 AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed a motion to compel (ECF No. 33) which defendant opposes (ECF No. 36).

I.   Plaintiff's Allegations

The complaint alleges that defendant Rattan violated plaintiff's rights under the Eighth Amendment when he denied plaintiff's requests for a diabetic snack order over a period of six months beginning in May 2021 and denied plaintiff's request to renew the chrono for his orthotic shoes. ECF No. 1 at 3-4.

II.   Legal Standard for Discovery

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. The court,

however, must limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). The purpose of discovery is to "make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent," United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) (citation omitted), and "to narrow and clarify the basic issues between the parties," Hickman v. Taylor, 329 U.S. 495, 501 (1947).

Under Federal Rule of Civil Procedure 37, a motion to compel may be made if "a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). The party seeking to compel discovery has the burden of showing that the discovery sought is relevant or that its denial will cause substantial prejudice. Aros v. Fansler, 548 F. App'x 500, 501 (9th Cir. 2013) (citing Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)). The opposing party is "required to carry a heavy burden of showing why discovery was denied." Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975). Under Federal Rule of Civil Procedure 36, a party may move for a determination as to the sufficiency of an answer or objection to an admission. Fed. R. Civ. P. 36(a)(6).

III.   Discussion

   A. Requests for Production

Plaintiff seeks to compel further responses to Requests 1-8 of his first set of requests for production and Requests 1-2 of his second set of requests. ECF No. 33 at 3-9.

> **Request No. 1, Set 1:** Any and all grievances, complaints, or other documents received by staff defendant B. Rattan or his agents at CSP-SAC concerning the mistreatment of inmates by defendant B. Rattan, any memoranda, investigation files, or other documents created in response to such complaints since Jan. 1, 2000.
>
> **Request No. 6, Set 1:** Any and all logs, list or other documents reflecting grievances filed by CSP-SAC inmates against defendant

B. Rattan from Jan. 1, 2020 to the date of the defendants response of March 8, 2023.

Id. at 57, 59. Defendant raised the following objections to both requests:

> Defendant objects to this request because it seeks documents that are not relevant or proportional to any claim or defense in this action, and is overbroad and exceedingly burdensome since it seeks documents not limited in time or scope. Defendant further objects because the request is not proportional to the needs of the case and the burden and expense of the proposed discovery outweighs its likely benefit. Defendant also objects to this request to the extent it violates the privacy rights of inmates not parties to the instant action, and violates the official information privilege.

Id. at 57, 59-60. Defendant further objected to Request 1 on the ground that "it is compound, and that the phrase 'investigation files' is vague and ambiguous." Id. at 57.

Defendant's objection to the timeframe in Request No. 1 is appropriate, but plaintiff's motion states he is willing to limit the timeframe to 2020 to 2023 (id. at 4), which the court finds to be a reasonable period. Defendant's objections regarding the scope of the requests are also well taken, as the requests are not limited to complaints and grievances regarding issues similar to those presented to the court in this case. However, complaints and grievances based upon the same type of conduct at issue in this action are relevant, and the scope of the requests will be narrowed accordingly. Defendant will therefore be required to produce copies of any staff or inmate complaints, grievances, disciplinary actions, and operative complaints in lawsuits, of which he is aware,[1] that deal with allegations against defendant for denying requests for diabetic snack orders or to renew orthotics chronos. The period for the complaints and grievances shall be limited to January 1, 2020, to March 8, 2023. The documents may be redacted as necessary for security purposes and to exclude any sensitive information not related to defendant's denial of requests for diabetic snack orders or to renew orthotic chronos. This includes the redaction of other inmates' identifying information, which the court recognizes may go beyond inmate name and number. If safety, security, or privacy concerns remain even after redaction, defendant may

////

---

[1] Defendant is considered to be aware of any such documentation contained within his personnel file.

3

move for a protective order.² If no responsive documents exist, defendant shall update his responses accordingly.

**Request Nos. 2-4, Set 1** sought "[t]he (CCHCS) 2003-2008 unrevised guidelines, and, any and all policies, directives or instructions to medical staff CSP-SAC/CDCR concerning" "'diabetic' snack to inmate patients treated with insulin;" "orthotic shoes to inmates living with 'diabetes' or foot deformities, and, any and all documents (receipts) related to the issue of orthotics/shoes to the Plaintiff;" and "sick call request procedures, both in general population and segregation." Id. at 57-59. Defendant objected to all three requests on the grounds that they were compound and sought documents that were not relevant or proportional to the claims or defenses in this action and were overbroad and burdensome because the events at issue in the case occurred in 2021 and 2022. Id. at 58-59. No documents were produced in response to any of the requests. Id.

Plaintiff argues that the requested documents are necessary to show that "'ex parte' revisions have been made to the stipulated class action relief identified in Plata v. Davis, 329 F.3d 1101 (9th Cir. 2003)." ECF No. 33 at 4-5. However, defendant's objections are well taken. Plaintiff's request seeks guidelines and policies from well outside the timeframe at issue in the complaint and the motion will be denied as to these requests.

**Request Nos. 5 and 7, Set 1** sought plaintiff's sick call request sheets from January 1, 2021, to January 1, 2022, and all documents created by CDCR employees in response to a grievance filed by plaintiff on December 13, 2021, regarding his medical care and any appeal of that grievance. Id. at 59-60. Defendant responded that he was in the process of gathering the requested sick call slips and would produce them, and that he had been unable to find a

---

² Although assertion of the official information privilege requires submission of a privilege log, Fed. R. Civ. P. 26(b)(5)(A)(ii), and a declaration addressing several factors, including that a designated official has reviewed the material in question, Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1995), because plaintiff's requests were overly broad, it would be unreasonable to require defendant to have produced a privilege log and an official information declaration addressing all of the responsive documents in their initial response to the request. Prior to producing the documents, defendants are permitted to seek a protective order, if necessary, that provides the necessary privilege log and declaration with respect to any documents responsive to the request, as defined by this order.

responsive grievance but would conduct another search if plaintiff provided a log number or additional information. Id. In response to plaintiff's provision of a log number in his motion to compel, defendant responded that he would search for documents related to the appeal and produce them if they were located. ECF No. 36 at 5. Although defendant has agreed to produce documents, it appears that production of the requested documents had not yet occurred at the time defendant filed his response to the motion to compel. Id. at 4-5. The motion will therefore be granted as to these requests only to the extent that the court will set a deadline for the production of any responsive documents, if such production has not already occurred.

> **Request No. 8, Set 1:** Any and all documents created by any CSP-SAC/CDCR staff members from Jan. 1, 2021 to date concerning the Plaintiff's medical care that is not included in items 5, 6, and 7.
>
> **Response:** Objection. Defendant objects to this request because it seeks documents that are not relevant or proportional to any claim or defense in this action. Defendant further objects because the request is not proportional to the needs of the case and the burden and expense of the proposed discovery outweighs its likely benefit. Defendant further objects to this request on the grounds that the requested documents are equally available to Plaintiff.
>
> Subject to and without waiving the foregoing objections, Defendant responds as follows:
>
> It appears that there are more than 5,000 pages of records concerning Plaintiff's care during the period in question (January 1, 2021 to the present). The burden and expense of producing thousands of pages of documents to Plaintiff in a case that concerns the Plaintiff's interactions with Defendant between September 2021 and April 2022 outweighs its likely benefit.

ECF No. 33 at 60-61.

Defendant's objections on the grounds of overbreadth and relevance are well taken, as the request for all documents relating to plaintiff's medical care greatly exceeds the scope of the issues in this action. While plaintiff's motion to compel appears to limit the request to records related to the order for his diabetic liquid nutritional supplements and orthotic shoes chrono, defendant also objects on the grounds that plaintiff's medical records are equally available to plaintiff. Presumably, he is referring to an "Olson review," which is an administrative process that provides prisoners with access to nonconfidential information in their central files and medical records.

Since plaintiff has access to his medical file through an Olson review, the court will not require defendant to produce plaintiff's medical records. However, the court will assume that plaintiff's assertion that the information is not easily available (id. at 8) means that he has had difficulty obtaining a review of his record. Therefore, if plaintiff has not yet been given an opportunity to review his medical records, defendant will be required to ensure that plaintiff is provided an opportunity to review his medical records and make any necessary copies. Alternatively, defendant may choose to produce to plaintiff a copy of his medical records related to orders for diabetic liquid nutritional supplements and orthotic shoes chronos during the time period requested.

**Request No. 1, Set 2** sought "[a]ny and all policies, directives, and instructions to medical staff at CSP-SAC/CDCR that states 'that before an inmate can receive new orthotic shoes, the old shoes must be examined by staff (who are not podiatrist or orthopedic personnel) to confirm that they are no longer usable." Id. at 64. Defendant objected on the grounds that the request was overbroad, unduly burdensome, and sought documents that were not relevant or proportional to the claim in the case but responded that he would "produce the relevant portions of the CDCR Operations Manual." Id. at 64.

Plaintiff challenges defendant's response on the ground that he did not request the CDCR Operations Manual, but instead is seeking the CCHCS Medical Operational Manual. Id. at 9. Plaintiff's request did not specify he was seeking a copy of the CCHCS Medical Operational Manual, and the documents produced by defendant appear to be responsive to the request. Id. at 67-68. However, plaintiff's request would also clearly encompass the CCHCS Medical Operational Manual if it governed medical staff at CSP-Sacramento and CDCR and included provisions responsive to the request. Defendant has only argued that plaintiff did not request the CCHCS manual and has not addressed whether the CCHCS manual contains any responsive provisions. Defendant will therefore be required to either produce any responsive portions of the CCHCS Medical Operations Manual or clarify that it contains no responsive provisions.

**Request No. 2, Set 2** sought "[a]ny and all documents created by a 'podiatrist' outside the prison concerning Plaintiff's foot condition, produce the documents." Id. at 64. Defendant

6

objected to the request on grounds of relevance and proportionality and that the request was overbroad and unduly burdensome because it was not limited in time or scope. Id. at 64-65.

Defendant's objection as to the to the overbreadth of the timeframe of the request is appropriate. Moreover, though defendant does not assert that the documents are equally available to plaintiff, the court presumes that any responsive documents within defendant's custody or control would be located within plaintiff's medical records. Because the requested timeframe is overbroad and plaintiff has access to his medical file through an Olson review, the court will not require defendant to produce the records to plaintiff. Instead, defendant will be required to ensure that plaintiff is provided an opportunity to review his medical records and make any necessary copies, if he has not already been provided such an opportunity. Alternatively, defendant may choose to produce to plaintiff a copy of any reports from outside podiatrists that are contained within his medical records between January 1, 2020, and March 8, 2023.

B.  Interrogatories

Plaintiff seeks to compel further responses to Interrogatories 2-7 of his first set of interrogatories and 1, 2, 4, and 5 of his second set of interrogatories. ECF No. 33 at 9-16.

**Interrogatory No. 2, Set 1** requested that Rattan state his duties related to "providing medical care to prisoners or transportation of prisoners to medical appointments or facilities" and that if the duties were set out in a job description or other document that those documents be produced. Id. at 71. Defendant objected to the request on the grounds that it was compound, overbroad, irrelevant, and vague as to the phrase "transportation of prisoners to medical appointments or facilities" and produced a copy of the exam bulletin for the position of Physician and Surgeon, Correctional Facility. Id. at 71, 76-81.

Plaintiff's request regarding defendant's duties related specifically to prisoner transport is outside the scope of the issues before the court. However, while the request for defendant's duties related to providing medical care is general and likely to cover duties unrelated to the claims at issue, the court cannot find that it is irrelevant considering that plaintiff's claims are based on Rattan's provision of medical care to plaintiff. The court further finds that the exam bulletin provided by defendant is not sufficient to substitute for a response to this request. The

7

1    exam bulletin focuses largely on the eligibility requirements for the position and includes only a
2    generic, one sentence description of the position. Id. at 76-81. Defendant will therefore be
3    required to supplement the response to this request and outline his duties as they relate to
4    providing medical care to inmates. If those duties are outlined in some other document, such as a
5    duty statement, defendant may produce that document in lieu of a further written response.

6    **Interrogatory Nos. 3-4, Set 1** sought the "names, titles, and duties of all staff members at
7    CSP-SAC, other than Defendant B. Rattan" who were responsible "for scheduling prisoners
8    medical appointments outside the prison, for arranging transportation to medical appointments
9    outside the prison, . . . for evaluation request for specialized treatment or evaluation," and for
10   "ensuring that inmates request for medical attention are responded to." Id. at 72. The requests
11   further requested that if the duties were set forth in a job description or other document that the
12   document be produced. Id. Defendant objected to both requests as overbroad, irrelevant, and not
13   proportional to the needs of the case. Id. He further objected to Interrogatory No. 3 on the
14   ground that it was compound and the phrase "for evaluation request for specialized treatment or
15   evaluation" was vague. Id.

16       Plaintiff argues that these requests are relevant because they relate to how inmates get
17   specialty services outside the prison, whether defendant was responsible for those requests, and
18   how inmates request medical attention. Id. at 11. However, the complaint does not allege a
19   failure to send plaintiff to an outside specialist, and plaintiff does not allege that his requests were
20   not responded to, he claims they were denied. The request is also overbroad to the extent it seeks
21   information related to individuals who may have had no involvement in plaintiff's treatment.
22   However, to the extent plaintiff's requests for a diabetic snack or orthotics chrono can be
23   considered a request for specialized treatment or a request for evaluation for such treatment,
24   defendant shall be required to provide a supplemental response to Interrogatory No. 3 that
25   identifies the names and titles of any other staff members at CSP-Sacramento who were involved
26   in evaluating or denying plaintiff's requests for a diabetic snack or orthotics chrono. The motion
27   as to these requests will otherwise be denied.
28   ////

**Interrogatory No. 5, Set 1** asked defendant to "[s]tate the procedure in effect during Jan. 1, 2021-2023 at CSP-SAC for conducting sick call, including the procedure by which inmates sign up for or request sick call." Id. at 72. The interrogatory further requested that defendant distinguish between procedures for general population and segregation inmates and that if the procedure was set forth in a policy or directive that the document be produced. Id. at 72-73. Defendant objected on the grounds that the request was compound, overbroad, irrelevant, and disproportional to the needs of the case. Id. at 73.

Plaintiff states that Interrogatory No. 5 is relevant to how inmates request medical attention (id. at 12) while defendant argues that the prison's sick call policy is not at issue (ECF No. 36 at 8). To the extent the interrogatory seeks information related to the process for making health care services requests, such as plaintiff's requests for a diabetic snack and orthotics chrono renewal, defendant shall be required to provide a supplemental response outlining the procedure for submitting such requests. If those procedures are outlined in a policy or other document, defendant may produce that policy or document in lieu of a further written response.

**Interrogatory Nos. 6-7, Set 1** requested the "names, titles, and duties" of staff members at CSP-Sacramento who were responsible for "responding to, investigating or deciding inmate grievances" and CSP-Sacramento's procedure "for responding to, investigating, and deciding" both medical and non-medical grievances from January 1, 2021-2023. ECF No. 33 at 73. Plaintiff further requested copies of any applicable job descriptions, policies, manuals, directives, or other documents. Id. Defendant responded to both requests as overbroad, irrelevant, and disproportional to the needs of the case. Id.

Plaintiff argues that the requested information is relevant to show what information is used in deciding medical grievances and who gives the information. Id. at 13. However, plaintiff has not made any claim that defendant was responsible for responding to or investigating any relevant grievances and the motion as to these interrogatories will be denied.

**Interrogatory No. 1, Set 2** sought information on how a doctor's case load at CSP-Sacramento was determined and stated, as an example, that it was plaintiff's understanding that case loads were determined by inmate housing units. Id. at 84. Defendant objected on the ground

that the request was compound, overbroad, irrelevant, and not proportional to the needs of the case. Id. He further objected on the ground that the phrase "how CSP-SAC doctors [sic] case loads work or are developed" as vague. Id.

Defendant argues that plaintiff is not entitled to a further response because how prison doctors are assigned to treat inmates has nothing to do with plaintiff's claims. ECF No. 36 at 8. However, defendant does nothing to address plaintiff's claim that he requires the information to dispute defendant's assertion that he was not plaintiff's treating physician during some of the relevant times. ECF No. 33 at 14. The information sought in this interrogatory is arguably relevant to plaintiff's ability to dispute defendant's claim he was not plaintiff's treating physician. Defendant will therefore be required to provide a supplemental response describing how doctor case loads at CSP-Sacramento were set during 2021 and 2022.

**Interrogatory No. 2, Set 2** asked defendant to "[e]xplain if it is necessary for an inmate who has medical request, and/or treatment plans pending or in place, for that inmate to 'resubmit' the request verbally and in writing when an inmate is transferred to a different doctors caseload." Id. at 84. Defendant objected on the grounds that the request was compound, overbroad, irrelevant, not proportional to the needs of the case, and vague as to time and the phrase "inmate who has medical request, and/or treatment plans pending or in place." Id. at 84-85.

Although the court agrees that plaintiff's interrogatory is not the most clearly worded, it is not so vague as to be unanswerable. The interrogatory is clearly seeking information regarding whether an inmate who has a pending medical request or has a treatment plan pending or in place when his doctor changes has to resubmit his request for treatment to his new doctor verbally and in writing. Since plaintiff's claims appear to have arisen during the time when he switched providers, this interrogatory is relevant to the claims and defendant shall be required to provide a supplemental response. The timeframe for the request shall be limited to 2021 and 2022.

**Interrogatory No. 4, Set 2** asked defendant to "state the reason why in the response to plaintiff's medical grievance of 12-13-2021, it states, 'You also have an active order for "diabetic" liquid nutritional supplements. You have been accommodated with therapeutic shoes/orthotics.'" Id. at 85. Defendant objected to the request on the grounds it was overbroad,

irrelevant, and not proportional to the needs of the case and responded that he was unaware of a medical grievance submitted by plaintiff on December 13, 2021.  Id. at 85-86.

Plaintiff asserts that the request is relevant because defendant states that plaintiff received treatment when he did not and that the grievance at issue is Log No. SAC HC 21001704.  Id. at 16.  However, plaintiff provided a copy of the grievance and the headquarters-level response, which includes the quoted language, as an attachment to another filing in this case.  ECF No. 21 at 16-20.  There is no indication that defendant prepared the response to plaintiff's grievance.  Id.  Accordingly, no further response is required from defendant.

**Interrogatory No. 5, Set 2** asked how many face-to-face doctor visits plaintiff had with defendant between May 2021 and March 2022, and whether defendant or Dr. Borges decreased plaintiff's insulin dosage between May 2021 and March or April 2023.  ECF No. 33 at 86.  Defendant objected to the request on the grounds that it was compound, overbroad, irrelevant, not proportional to the needs of the case, and vague as to time.  Id.

In response to the motion to compel defendant argues that his motion for summary judgment includes records and notes from plaintiff's visits and plaintiff has a right to view his own medical records.  ECF No. 36 at 10.  These are not grounds for refusing to respond to plaintiff's request.  While the court acknowledges that defendant may have no independent recollection of how many face-to-face visits he had with plaintiff and will rely on the medical records for his response, plaintiff is entitled to know how many times defendant contends he saw plaintiff for face-to-face visits, regardless of what the medical records may indicate.  Plaintiff is also entitled to ask whether defendant decreased his insulin dosage during the time requested since it appears related to his request for a diabetic snack.  Defendant will therefore be required to provide a supplemental response addressing how many face-to-face visits he had with plaintiff between May 2021 and March 2022 and whether he or Dr. Borges decreased plaintiff's insulin dosage between May 2021 and April 2023.

C.  Requests for Admission

Plaintiff seeks to compel further responses to Requests 1-5, 7-9, 11-14, and 16-17 of his first set of requests for admission and Requests 2-3, 5-10, and 13 of his second set of requests.

ECF No. 33 at 17-32.

**Request Nos. 1-3, 5, 7, and 12, Set 1, and Request Nos. 3, 5-10, and 13, Set 2** seek admissions related to various aspects of plaintiff's treatment and Rattan's duties or conduct. Id. at 90-92, 94, 100-103. Defendant has objected to each of these requests on the grounds that they are not relevant or proportional to the needs of the case. Id. at 90-92, 95, 101-104. These objections are overruled, as each request has clear relation to plaintiff's requests for a diabetic snack and orthotic shoes.[3] Defendant also objected to Request Nos. 2, 3, 5, 7, and 12, Set 1, and Request Nos. 9 and 10, Set 2 as compound. Id. at 91-92, 95, 102-103. These objections are overruled, as defendant can respond to each component of plaintiff's requests and will be required to do so. Defendant has also objected to Request Nos. 1, 2, 3, and 12. Set 1 on the ground that various phrases in the requests are "vague and ambiguous." Id. at 90-91, 95. These requests are perfectly amenable to reasonable construction, and defendant will be ordered to respond to the best of his ability.

In addition to raising objections, defendant has responded to each of the requests for admission by stating that he "has insufficient information with which to admit or deny the request and on that basis denies it." ECF No. 33 at 90-93, 95, 101-104. "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4). Although defendant has technically denied the requests, he bases his denials on the fact that he is unable to admit or deny the requests based on a lack of knowledge and is therefore required to affirm that he has made a reasonable inquiry. Defendant has not done so. Moreover, because defendant has not stated that he conducted a reasonable inquiry, he has also failed to set forth any details as to the nature of the "reasonable inquiry" he undertook.

---

[3] The court acknowledges that some of the requests address treatment provided by Dr. Borges. ECF No. 33 at 101-103. However, considering defendant's own inclusion of treatment by Dr. Borges in the statement of facts that accompanied his premature motion for summary judgment (ECF No. 24-3 at 4), any claim that plaintiff's requests are irrelevant because they relate to treatment provided by another doctor are disingenuous.

For these reasons, defendant will be required to supplement his responses to Request Nos. 1-3, 5, 7, and 12, Set 1, and Request Nos. 3, 5-10, and 13, Set 2. If defendant is unable to admit a matter, "the answer must specifically deny it or state in detail why [he] cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). Where defendant maintains that he has insufficient information to admit or deny the request, he must state in detail the nature of the "reasonable inquiry" he made even if he ultimately denies the request on that ground. See Asea, Inc. v. S. Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir.1981) ("We are not persuaded that an answer to a request for admission necessarily complies with Rule 36(a) merely because it includes a statement that the party has made reasonable inquiry and that the information necessary to admit or deny the matter is not readily obtainable by him).

**Request No. 4, Set 1** seeks an admission that defendant "is not qualified to substitute a diagnosis of a podiatrist or optometrist for his own diagnosis." Id. at 91. Defendant's objection that the request is vague is well taken, as plaintiff does not specify the diagnosis at issue and the response could differ based upon the diagnosis at issue. The request is also irrelevant to the extent it deals with diagnoses by optometrists since there are no claims against defendant related to treatment of plaintiff's vision. No further response to this request will be required.

**Request Nos. 8-9, Set 1** seek admissions related to guidelines from 2003-2008 and an alleged revision in 2015. Id. at 93. Defendant's objection to these requests based on relevance is appropriate since the conduct at issue occurred in 2021 and 2022. Any guidelines in place between 2003 and 2008 and in 2015 would have no bearing on the guidelines in place during the relevant time. No further responses to these requests will be required.

**Request Nos. 11, 13, 14, 16, and 17, Set 1** were written as open ended questions, rather than statements that could be admitted or denied. Id. at 94-97. Although plaintiff has submitted re-written versions of the requests in his motion to compel, defendant's objection to the requests on the ground that they were phrased like interrogatories and therefore unable to be admitted or denied was appropriate and no further responses will be required.

**Request No. 2, Set 2** seeks an admission that "[t]he only way an inmate can refuse to follow Dr. Rattan's medical treatment plan is to refuse to take the medication." Id. at 100. Defendant's objection that the request is vague as to the phrase "Dr. Rattan's medical treatment plan" is appropriate, as plaintiff does not specify the treatment plan at issue and a response would be dependent upon the plan at issue. No further response is required.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 33) is GRANTED in part and DENIED as follows:

    a. GRANTED to the extent that defendant must provide supplemental responses to Requests for Production, Set 1, Nos. 1 and 5-8; Requests for Production, Set 2, Nos. 1-2; Interrogatories, Set 1, Nos. 2, 3, and 5; Interrogatories, Set 2, Nos. 1, 2, and 5; Requests for Admission, Set 1, Nos. 1-3, 5, 7, and 12; and Requests for Admission, Set 2, Nos. 3, 5-10, and 13, as set forth above;

    b. DENIED as to all other discovery requests.

2. Supplemental responses shall be provided within thirty days of the service of this order;

3. Within thirty days of the service of this order, defendant may move for a protective order with respect to any sensitive documents, as provided above; and

4. Within forty-five days of the service of this order, plaintiff may file any necessary motion for sanctions if defendants fail to comply with this order.

DATED: April 2, 2024

_allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE